IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 1, 2024 Session[1]

## KISHA DEAN TREZEVANT v. STANLEY H. TREZEVANT, III

**Appeal from the Circuit Court for Shelby County**
**No. CT-003516-13  Mary L. Wagner, Judge**

_____

### No. W2023-00682-COA-R3-CV

_____

In this post-divorce case, Husband/Appellant appeals the trial court's order holding him in criminal contempt.  Due to the deficiencies in Husband's brief, we do not reach the substantive issues.  Appeal dismissed.

### Tenn. R. App. 3 Appeal as of Right; Appeal Dismissed.

KENNY ARMSTRONG, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and W. NEAL MCBRAYER, J., joined.

Stevan L. Black and Vickie Hardy Jones, Memphis, Tennessee, for the appellant, Stanley H. Trezevant, III.

Mitchell D. Moskovitz and Adam N. Cohen, Memphis, Tennessee, for the appellee, Kisha Dean Trezevant.

### MEMORANDUM OPINION[2]

### I.  Background

This is the third appeal in this divorce case that has been pending for over ten years.

---

[1] Oral argument in this case was heard at the University of Memphis Cecil C. Humphreys School of Law.
[2] Rule 10 of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

*See Trezevant v. Trezevant*, No. W2021-01153-COA-R3-CV, 2024 WL 352896 (Tenn. Ct. App. Jan. 31, 2024) ("*Trezevant II*"); *Trezevant v. Trezevant*, 568 S.W.3d 595 (Tenn. Ct. App. 2018) ("*Trezevant I*"). In the interest of judicial economy, we will discuss only those facts and proceedings that are relevant to this appeal.

Appellant Stanley Trezevant ("Husband") and Appellee Kisha Trezevant ("Wife") were married in September 1990. *Trezevant I*, 568 S.W.3d at 603. In August 2013, Wife filed a complaint for divorce in the Shelby County Circuit Court ("trial court"). *Id.* On March 1, 2017, the trial court entered the final decree of divorce, which was appealed to this Court. *Id.* at 604. In *Trezevant I*, this Court reviewed the trial court's: (1) identification, classification, valuation, and division of marital property; (2) conclusion that Husband dissipated marital assets during the divorce; and (3) conclusion that Husband should have been held in criminal contempt and sentenced to jail for same. On appeal, we affirmed the trial court's identification and classification of marital property and its conclusion that Husband dissipated marital assets. *Id.* at 641. We also affirmed the trial court's order holding Husband in criminal contempt. *Id.* We vacated the trial court's valuation and division of marital property as well as Wife's alimony awards and remanded the case to the trial court. *Id.*

Following this Court's remand, on January 5, 2021, the trial court entered its findings of facts and conclusions of law. *See Trezevant II*, 2024 WL 352896, at *4. Therein, the trial court made extensive findings of fact before dividing the marital estate between the parties. Part of the trial court's division included awarding Wife the "Cayman Island Properties" and the bank accounts associated with those properties. Pertinent to this appeal, the trial court ordered:

> 5.   With regards to bank accounts associated with the Cayman Island [P]roperties, Husband shall not close the accounts, but instead shall add Wife as an owner to said account within fifteen (15) days of this Order. Husband shall not make any further withdrawals from the bank accounts associated with these properties. Thereafter, Wife, as an owner, shall have the authority to remove Husband from said bank accounts. Husband shall ensure that Seven Mile Beach Account ending in #10621 has a balance of at least $183,350.12. If it does not, Husband shall provide an accounting, including supporting documentation, of all transactions within this account since August 31, 2020. Said accounting shall be provided within thirty (30) days of this Order. Any withdrawals for expenses other than reasonable and necessary business expenses shall be reimbursed to Wife by Husband within forty-five (45) days of this Order.

Following entry of the January 5, 2021 order, both parties filed motions to alter or amend. On September 1, 2021, the trial court entered an order on the respective motions. On December 15, 2021, the trial court entered its amended findings of facts and conclusions

of law that modified a portion of its previous order that is unrelated to this appeal.

On September 30, 2021, Wife filed a petition for mandatory injunctive relief and for civil and criminal contempt ("Original Contempt Petition"). Therein, Wife alleged that Husband falsely claimed that he sold the Cayman Island Properties, which had been awarded to Wife. Wife asked the trial court to enjoin Husband from transferring, selling, or otherwise encumbering the properties that were awarded to her. To the extent Husband completed any transfers of the Cayman Island Properties, Wife asserted that Husband acted in knowing and willful violation of the January 5, 2021 findings of fact and conclusions of law. Thus, Wife asked the trial court to hold Husband in willful civil and criminal contempt of that order.

On February 3, 2022, Wife filed an amended petition for civil and criminal contempt ("Amended Contempt Petition"). Therein, Wife alleged, in pertinent part:

17. Husband has flagrantly violated each and every substantive tenant of Paragraph five (5) of the Ordering Section [of the January 5, 2021 findings of fact and conclusions of law]. To wit:

A. Husband has failed and refused to add Wife as an owner to any of the Cayman Island bank accounts; this includes Cayman National Bank Account ending #10621 . . . ;

B. Husband has closed the Cayman National Bank Account ending in #10621;

C. Husband has made withdrawals from Cayman National Bank Account ending in #10621. . . ;

D. Since Account #10621 has been closed by Husband in violation of [the trial court's order]; said account has no balance, which is obviously less than $183,350.12. Husband has failed and refused to provide an accounting, including supporting documentation, of all transactions within this account since August 31, 2020. Said accounting was to have been provided within thirty (30) days of January 5, 2021.

E. Husband has also failed and refused to reimburse Wife for at least $183,350.12. He has also failed to reimburse Wife for any other non-business expenses from [this] Account within forty-five (45) days of [the] Order. In fact, by failing and refusing to provide Wife with the statements and the full accounting, Husband has deprived Wife entirely of the ability

- 3 -

to determine what additional reimbursements are owed.

(Emphasis in original). Wife alleged these actions constituted a knowing and willful violation of the trial court's January 5, 2021 findings of fact and conclusions of law and asked the trial court to hold Husband in willful civil and criminal contempt.

On March 14, 2022, Husband filed a motion to bifurcate and for more definite statement asking Wife to clarify which counts in her petitions were criminal and which counts were civil. On April 1, 2022, Wife filed a response to Husband's motion and clarified that she was proceeding with criminal contempt charges against him for his: (1) failure to add Wife's name to account #10621; (2) closing of account #10621; and (3) non-business withdrawals from account #10621. On April 6, 2022, the trial court heard Husband's motion for a more definite statement. During that hearing, Husband's counsel stated that Wife's response set forth how she was "going to proceed . . . in the way of criminal contempt, so we now know the answer to our question, so we're in a position, as it relates to that issue, to proceed." On April 14, 2022, Husband filed an answer to the Amended Contempt Petition.

On November 3, 2022, the trial court entered a consent order setting for trial, *inter alia*, Wife's Original and Amended Contempt Petitions. In this order, the trial court found that Husband, "in lieu of a formal arraignment, enter[ed] a plea of not guilty and waive[d] a formal reading of the charges against him."

Three days before trial, Husband filed an amended and supplemental answer to the Amended Contempt Petition. On March 20, 2023, the trial court heard Wife's criminal contempt petitions. After close of Wife's proof, Husband made an oral motion for judgment of acquittal arguing that Wife failed to provide proper notice of the charges against him in the petitions for contempt. Husband also argued that Wife failed to initiate her contempt claims within the statute of limitations. On March 21, 2023, Husband filed a written motion for judgment of acquittal arguing these same issues.

On April 11, 2023, the trial court entered its order on Wife's criminal contempt petitions. Relevant here, the trial court found that the Amended Contempt Petition was not barred by the statute of limitations because it related back to her Original Contempt Petition. The trial court also found that Husband not only received sufficient notice of the charges against him, but he knowingly waived his right to contest them. As to the criminal contempt charges, the trial court found Husband in contempt for: (1) failing to add Wife's name to Cayman National Bank Account #10621; (2) closing Cayman National Bank Account #10621; and (3) making three withdrawals from Cayman National Bank Account #10621. Based on the foregoing, the trial court sentenced Husband to forty (40) consecutive days of incarceration. The trial court stayed the sentence pending this appeal, after Husband posted a $40,000.00 cash bond and surrendered his passport. Husband filed a timely appeal.

## II. Issues

Husband raises four issues for review, as stated in his brief:

1. Whether the trial court erred in finding Husband guilty of criminal contempt for his alleged failure to add Wife's name to and closing Cayman National Bank account #10621 in the name of Seven Mile Beach Hotel Development Corp., Ltd.?

2. Whether the trial court erred in finding Husband guilty of criminal contempt for withdrawing the sum of $194,428.04 from Cayman National Bank account #10621 on January 22, 2021?

3. Whether the trial court erred in finding Husband guilty of criminal contempt for withdrawing the sum of $36,606.50 from Cayman National Bank account #10621 on January 28, 2021?

4. Whether the trial court erred in finding Husband guilty of criminal contempt for withdrawing the sum of $4,202.40 from Cayman National Bank account #10621 on January 22, 2021?

Wife raises the additional issue: "Is there a statute of limitations to act upon a domestic relations decree?"

## III. Discussion

Due to deficiencies in Husband's brief, we decline to address the substantive legal issues raised. The contents of appellate briefs are governed by Rule 27 of the Tennessee Rules of Appellate Procedure. According to the rule, the appellant's initial brief shall contain "[a] statement of the issues presented for review . . . ." Tenn. R. App. P. 27(a)(4). The statement of the issues is vitally important to the appeal as it provides this Court with the questions that we are asked to answer on review. The statement of the issues is also significant because our "[a]ppellate review is generally limited" to those issues listed in it. *Hodge v. Craig*, 382 S.W.3d 325, 334 (Tenn. 2012) (citing Tenn. R. App. P. 13(b)). Indeed, "[c]ourts have consistently held that . . . [a]n issue not included [in the statement of the issues] is not properly before the Court of Appeals." *Hawkins v. Hart*, 86 S.W.3d 522, 531 (Tenn. Ct. App. 2001). Accordingly, appellants should endeavor to frame each issue "as specifically as the nature of the error will permit," *Hodge*, 382 S.W.3d at 335 (citing *Fahey v. Eldridge*, 46 S.W.3d 138, 143-44 (Tenn. 2001); *State v. Williams*, 914 S.W.2d 940, 948 (Tenn. Crim. App. 1995)), as this Court is not required to "search[] for hidden questions" in appellants' briefs. *Hodge*, 382 S.W.3d at 334 (citing Bryan A.

Garner, *Garner on Language and Writing* 115 (2009); Robert L. Stern, *Appellate Practice in the United States* § 10.9, at 263 (2d ed.1989)).

As framed by Husband, the gravamen of his stated issues is whether the trial court erred in finding him guilty of criminal contempt for his alleged actions concerning Cayman National Bank account #10621. Specifically, Husband asserts that the trial court erred in finding him guilty of criminal contempt for: (1) failing to add Wife to the account; (2) transferring $194,428.04, $36,606.50, and $4,202.40 from the account; and (3) closing the account. In other words, Husband's issues concern whether there was sufficient evidence to support the trial court's finding of criminal contempt based on the above actions. Despite limiting his stated issues in his brief to the foregoing, Husband only fleetingly addresses whether the evidence supports the trial court's conclusion that he should be held in criminal contempt.[3] Indeed, under the argument section of his initial brief, Husband represents that "[t]his appeal raises issues pertaining to the statute of limitations and defects in the charging instrument, all of which are questions of law to be reviewed *de novo* with no presumption of correctness." In his reply brief, Husband clarifies that "[t]here is no issue pertaining to the sufficiency of the evidence in this criminal contempt matter. Rather, Husband's appeal presents narrow issues of law." Importantly, in his statement of the issues, Husband fails to assert any issue concerning: (1) a specific question of law; (2) a statute of limitations; or (3) a defect in a charging instrument.

Turning to the argument section of Husband's brief, he structures his argument as follows:

> I. The trial court erred in finding Husband guilty of criminal contempt for his alleged failure to add Wife's name to and closing Cayman National Bank account #10621 in the name of Seven Mile Beach Hotel Development Corp., Ltd.
>
> > A. The trial court erroneously held that the charge raised for the first time in Wife's February 3, 2022 Amended Petition "related back" to the date of the filing of Wife's September 30, 2021 Petition.
> >
> > B. The one[-]year statute of limitations applies to this misdemeanor prosecution.
> >
> > C. The prosecution against Husband was not commenced before the running of the one[-]year statute of limitations.

---

[3] On this Court's review, Husband's only argument regarding the evidence before the trial court concerns his fourth issue, *i.e.*, whether he withdrew $4,202.40. In his initial brief, Husband merely states "[t]here was no such proof" that Husband withdrew such amount from the account.

D.  The statute of limitations was not tolled.

E.  The statute of limitations was not waived.

F.  The charging instrument did not provide proper notice of the charge.

    1.  Wife's February 3, 2022 Amended Petition failed to allege all facts necessary to provide proper notice to Husband.

    2.  The January 5, 2021 Ruling was not clear, specific and unambiguous.[4]

Husband makes substantive arguments under each of the foregoing subsections.

At oral argument, this Court questioned Husband's counsel concerning whether the issues in A-F, *supra*, were specifically listed in the statement of the issues for this Court's review. Husband's counsel first argued that the stated issues broadly asserted that the trial court erred, but ultimately admitted that Husband presented the A-F issues only in the subsections of the body of his argument. In short, Husband failed to designate the issues in A-F in his statement of the issues.

On this Court's review, Husband's stated issues are not simply broad assertions that the trial court erred. Rather, as discussed *supra*, they concern whether the evidence supported a finding of criminal contempt—an issue that Husband intentionally did not address in his brief. Accordingly, the issues raised in the statement of the issues are not before this Court. Furthermore, it is clear that the A-F issues are not merely sub-arguments of Husband's stated evidentiary issues. Instead, Husband presents distinct arguments focused on narrow issues of law rather than the sufficiency of evidence presented. Longstanding precedent provides that "an issue may be deemed waived when it is argued in the brief but is not designated as an issue in accordance with [Tennessee Rule of Appellate Procedure] 27(a)(4)." ***Hodge***, 382 S.W.3d at 335. Because Husband failed to designate the A-F issues in his statement of the issues, he has waived them.

Although this Court may, for good cause, suspend the requirements or provisions of any of our appellate rules, *see* Tenn. R. App. P. 2, we decline to do so. Having failed to include in his statement of the issues whether: (1) the charges raised in the Amended Contempt Petition related back to the Original Contempt Petition; (2) a one-year statute of

_____

[4] Husband repeats this structure with his three remaining issues. However, we note that Husband argued (F)(2) only under his first issue concerning his alleged failure to add Wife's name to the bank account.

limitations applied to Wife's criminal contempt claims; (3) prosecution against Husband commenced within the applicable statute of limitations; (4) the applicable statute of limitations was tolled or waived; (5) the charging instrument provided Husband with proper notice of the charges against him; and (6) the trial court's January 5, 2021 order was clear, specific, and unambiguous, Husband has waived these issues. The waiver of Husband's issues negates our need to address Wife's sole issue, and we pretermit same.[5] As such, there is nothing for this Court to review, and the appeal is dismissed. *Bean v. Bean*, 40 S.W.3d 52, 56 (Tenn. Ct. App. 2000).

## IV. Conclusion

For the forgoing reasons, the appeal is dismissed. Costs of the appeal are assessed to the Appellant, Stanley H. Trezevant, III, for all of which execution may issue if necessary.

_s/ Kenny Armstrong_
KENNY ARMSTRONG, JUDGE

---

[5] For completeness, we note that Wife raises as an issue whether there is a statute of limitations to act on a domestic relations decree. While an appellee may present issues that were not presented by the appellant, Tennessee Rule of Appellate Procedure 27(b) "limits those issues to ones in which [the appellee] is seeking 'relief from the judgment'" of the trial court. *Hodge*, 382 S.W.3d at 336; Tenn. R. App. P. 27(b); *see also In re Estate of Ross*, No. M2013-02218-COA-R3-CV, 2014 WL 2999576, at *2 (Tenn. Ct. App. June 30, 2014) (internal citations omitted) ("Moreover, 'a litigant may not appeal from a judgment, order[,] or decree in his favor' absent an error therein prejudicial to him."). Here, the trial court ruled in Wife's favor and she asks this Court to affirm the trial court's ruling in all respects; thus, she has not been prejudiced and cannot seek relief from the trial court's order. Accordingly, this issue is not before us.